UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HECTOR RODRIGUEZ-GUADARRAMA, | CASE NO. C26-0813 |
| Petitioner, | ORDER |
| v. | |
| ICE FIELD OFFICE DIRECTOR, et al., | |
| Respondents. | |

## I.   INTRODUCTION

Before the court is Petitioner Hector Rodriguez-Guadarrama's petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 3); Traverse (Dkt. # 9).)  The Government[1] opposes the petition.  (Return (Dkt. # 6).)  The court has considered the

---

[1] The Federal Respondent is the Immigration and Customs Enforcement ("ICE") Field Office Director (referenced herein as the "Government").  The proper respondent, however, for a § 2241 petition is "the person who has custody over" the petitioner.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243) (internal quotation marks omitted);

ORDER - 1

petition, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court GRANTS the petition.

## II.   BACKGROUND

Petitioner is a citizen of Mexico who entered the United States at or near San Ysidro, California on June 15, 2023.  (Soraghan Decl. (Dkt. # 7) ¶ 3; *see also* Traverse ¶ 1.)  United States Border Patrol ("USBP") detained Petitioner and issued him a Notice to Appear.  (Soraghan Decl. ¶ 3; Lambert Decl. (Dkt. # 8) ¶ 2, Ex. A (Notice to Appear).)  On June 17, 2023, USBP released Petitioner on an Order of Release on Recognizance ("OREC").  (Soraghan Decl. ¶ 3; Lamber Decl. ¶ 2, Ex. B (OREC).)  On September 18, 2023 Yakima, Washington, Immigration and Customs Enforcement ("ICE") enrolled Petitioner in the Alternative to Detention ("ATD") program.  (Soraghan Decl. ¶ 4.)  The Government represents that between September 18, 2023, and September 25, 2025, Petitioner violated the terms of the ATD program six times by missing required biometric check-ins.  (*Id*. ¶ 5; *see also* Traverse (stating that the Government never informed Petitioner of any ATD compliance issues).)  On May 4, 2025, the Yakima County Sheriff's Office in Yakima, Washington arrested Petitioner for driving under the influence— a matter that remains pending in the Yakima County District Court.

*Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigration detainee's direct custodian was not named as respondent).  Because Petitioner represents that he is currently detained at the Northwest ICE Processing Center, the proper respondent for this action is the individual in charge of that facility.  Accordingly, the Clerk is DIRECTED to name Bruce Scott, Warden of the Northwest ICE Processing Center, as a Respondent in this action.

ORDER - 2

(Soraghan Decl. ¶ 6.)  On May 20, 2025, Petitioner moved for relief from removal with the Tacoma Immigration Court in Tacoma, Washington.  (*Id*. ¶ 7.)

On December 18, 2025, Enforcement and Removal Operations Yakima instructed Petitioner to present himself to the ICE Yakima office for the purpose of being taken into custody.  (*Id*. ¶ 9; *see also* Traverse (stating that on December 18, 2025, Petitioner had a routine check-in scheduled and, upon presenting himself at the ICE office, ICE arrested him without providing a reason).)  The Government served Petitioner with a notice of the cancellation of OREC, took him into custody, and transferred him to the Northwest Immigration Processing Center, where he has since remained.  (*Id*.; *see also* Lambert Decl. ¶ 2, Ex. D (Warrant).)  On February 17, 2026, Petitioner filed a motion requesting a hearing for bond redetermination with the Tacoma Immigration Court.  (Soraghan Decl. ¶ 10.)  On February 25, 2026, an Immigration Judge ("IJ") determined that Petitioner is a flight risk and denied him release on bond.  (*Id*.)  On February 27, 2026, the Government served Petitioner with a notice of potential Bautista class membership.  (*Id*. ¶ 11.)

On March 25, 2026, an IJ denied Petitioner's applications for relief and ordered him removed to Mexico.  (*Id*. ¶ 12.)  Petitioner reserved appeal and, on April 17, 2026, timely filed an appeal with the Board of Immigration Appeals.  (*Id*.)  On April 8, 2026, Petitioner filed the instant habeas petition seeking his immediate release from federal custody pursuant to 8 U.S.C. § 2241.  (*See generally* Pet.)  The petition is now fully briefed and ripe for the court's consideration.

ORDER - 3

### III.    ANALYSIS

Habeas petitioners must provide by preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).  The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. Amend. V.  The right to due process extends to "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  Thus, even when the Government believes it has a lawful basis for detaining a noncitizen, it remains subject to the requirement to effectuate that detention in a manner that comports with due process.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320 (W.D. Wash. 2025) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

**A.    Petitioner is Not Detained Under 8 U.S.C. § 1225(b).**

As a preliminary matter, the Government asserts that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b) pending removal proceedings.  (*See generally*

ORDER - 4

Return.)  The record, however, shows that the Government has not considered Petitioner to be detained under § 1225(b) since at least June 17, 2023, when it released him on an OREC.  (Soraghan Decl. ¶¶ 3-4 (stating that the Government released Petitioner from federal custody on an OREC and monitored him via an ATD program).)  In concluding that Petitioner is not detained under § 1225(b), the court adopts the Honorable Judge Tana Lin's reasoning in *Rana v. Bondi*, No. C26-0244TL, 2026 WL 472800, at *1 (W.D. Wash. Feb. 19, 2026), a case that is undeniably similar to the case at bar.  In *Rana*, the Government arrested the petitioner after he entered the United States without inspection and subsequently released him on an OREC.  *Rana*, 2026 WL 472800, at *1.  Despite the petitioner's compliance with the conditions of his OREC, the Government re-detained him without notice or a pre-deprivation hearing.  *Id*.  In granting the petitioner's petition for writ of habeas corpus, the *Rana* court concluded that (1) the petitioner was not detained under § 1225, and (2) the Government violated the petitioner's due process rights because it did not comply with the law or regulations governing revocation of an OREC.  *Id*. at *4-5.  In reaching this conclusion, the *Rana* court found persuasive evidence showing that the Government considered the petitioner detained under 8 U.S.C. § 1226.  *Id*. (stating that the Notice of Custody Determination and OREC referred to Section 1226).)  When a petitioner is detained pursuant to § 1225, the only statutory exception to such detention is parole under 8 U.S.C. § 1182(d)(5)(A).  *Id*. at *3.  Thus, the *Rana* court reasoned that "if Petitioner was truly subject to mandatory detention under § 1225, [the Government] could never have released him under § 1226."  *Id*.  The facts of the instant case are similar to those in *Rana*.  The Government previously released

ORDER - 5

Petitioner on an OREC and re-detained him without notice or a pre-deprivation hearing. (*See generally* Return.)  Petitioner's warrant states that the Government re-detained him pursuant to section 236 of the Immigration and Nationality Act—that is, 8 U.S.C. § 1226. (*See* Warrant.)  Consequently, the court concludes that Petitioner is not detained under § 1225(b).

**B.     Petitioner's Re-Detention Violates His Due Process Rights.**

Next, as to Petitioner's due process rights, the Government's conduct is deficient in several ways.  Because Petitioner challenges an administrative action depriving him of his liberty, the *Mathews* balancing test applies here.  The *Mathews* test determines whether an administrative procedure provides the process constitutionally due and weighs three factors: (1) the petitioner's private interest, (2) the risk of an erroneous deprivation, and (3) the Government's interest.  *See Mathews*, 424 U.S. at 335.  In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that the *Mathews* test applies in "the immigration detention context."  53 F.4th 1189, 1206-07 (9th Cir. 2022).  District courts in this Circuit have applied the *Mathews* test in similar circumstances since then. *See, e.g.*, *Torres v. Hermosillo*, No. C25-2687LK, 2026 WL 145715, at *6 (W.D. Wash. Jan. 20, 2026); *Sira-Hurtado v. Hermosillo*, No. C25-2173KKE, 2025 WL 3294986, at *2 (W.D. Wash. Nov. 26, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025).

The court concludes that the *Mathews* test compels a finding that due process required the Government to provide Petitioner notice and an opportunity to respond *before* depriving him of his liberty.  In so holding, the court adopts the Honorable

ORDER - 6

Kymberly K. Evanson's reasoning in *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) and finds that: (1) Petitioner's interest in not being detained is "'the most elemental of liberty interests[;]'" (2) the risks of erroneous deprivation of liberty are high; and (3) the Government's interest in arresting and detaining a noncitizen without a hearing is low where the noncitizen was previously released. *Id*. at 1320-24 (citation omitted). It is undisputed that the Government revoked Petitioner's OREC without notice or a pre-deprivation hearing. (*See generally* Return.) Furthermore, the parties dispute Petitioner's record of compliance with the ATD program. (Return at 2; Traverse ¶¶ 3-4.) The Government has adduced no evidence by which the court may evaluate its claims. (*See generally* Dkt.) Therefore, the court concludes that the Government fails to establish the sufficiency of such claims. Consequently, the *Mathews* factors weigh in Petitioner's favor and his re-detention without notice or a pre-deprivation hearing violated his due process rights. *See A.B.J.C. v. Hermosillo*, No. C26-0185JNW, 2026 WL 497097, at *2 (W.D. Wash. Feb. 23, 2026) (compiling cases in this District and elsewhere in which courts required the Government to provide due process to noncitizens before revoking supervised release and re-detaining them).

"[T]he purpose of habeas remedies is to put the defendant back in the position he would have been in if the [constitutional] violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (simplified and citing *Nunes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003)). Thus, the court finds that Petitioner is entitled to relief under the Fifth Amendment and grants his habeas petition.

ORDER - 7

## IV.   CONCLUSION

Accordingly, the court ORDERS as follows:

(1) Petitioner's petition for a writ of habeas corpus (Dkt. # 3) is GRANTED;

(2) The Government SHALL release Petitioner Hector Rodriguez-Guadarrama from detention within FORTY-EIGHT (48) hours subject to the conditions of his most recent Order of Release on Recognizance; and

(3) Within SEVENTY-TWO (72) hours of this Order, the Government SHALL file with the court a status report confirming that Petitioner has been released from custody and informing the court of the date and time of his release.

Dated this 28th day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 8